IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

| | |
|---|---|
| DANIEL K. LEGGETTE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Civil Action No. 3:16-05822 |
| ) | Criminal Action No. 3:09-00176 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are the following: (1) Movant's "Second or Successive Motion To Correct Sentence Under 28 U.S.C. § 2255" (Document No. 121); and (2) The United States' Motion to Withdraw Referral to Magistrate Judge and to Dismiss Case (Document No. 132). By Standing Order, this matter was referred to the undersigned for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 123.)

**FACTUAL BACKGROUND**

1.  **Criminal Action No: 3:09-00176:**

On January 5, 2010, Movant pled guilty to Possession With Intent to Distribute 5 Grams or More of Cocaine Base in violation of 21 U.S.C. § 841(a)(1). (Criminal Action No. 3:09-00176, Document No. 55 - 58.) A Presentence Investigation Report was prepared. (Id., Document No. 67.) The District Court determined that Movant had a Base Offense Level of 32, and a Total Offense Level of 31, the Court having found that Movant met the criteria for a career offender enhancement pursuant to U.S.S.G. § 4B1.1 and having applied a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). (Id., pp. 7 - 8.) The District Court

sentenced Movant on April 13, 2010, to serve a 188-month term of incarceration to be followed by a four-year term of supervised release. (Id., Document No. 68.) The District Court also imposed a $100 special assessment. (Id.)

On April 28, 2010, Movant filed a Notice of Appeal. (Id., Document No. 72.) In his appeal, appellate counsel, Mr. Gregory J. Campbell, filed an Anders Brief stating that there was no meritorious issue for appeal, but arguing Movant's sentence was greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2). (Id., Document No. 87.) United States v. Leggette, Case No. 10-4471 (4th Cir.), Document No. 20. Subsequently, Movant was advised of his right to file a *pro se* supplemental brief. Id., Document No. 23. Movant, however, failed to file such a brief. The United States filed a Motion to Dismiss arguing that Movant's appeal was precluded by the waiver of appellate rights in the plea agreement. Id., Document No. 27. Movant, by counsel, filed a Response to the United States' Motion to Dismiss. Id., Document No. 32. On February 22, 2011, the Fourth Circuit granted the United States' Motion to Dismiss in part, affirmed in part, and dismissed in part. United States v. Leggette, 412 Fed.Appx. 636 (4th Cir. 2011). Specifically, the Fourth Circuit granted the United States' Motion to Dismiss concerning Movant's sentence after concluding that Movant "knowingly and voluntarily waived the right to appeal his sentence." Id. Next, the Fourth Circuit affirmed Movant's conviction. Id. After determining that Movant did not waive his right to appeal his conviction, the Fourth Circuit reviewed the entire record pursuant to Anders and found no meritorious issues. Id. Movant did not file a petition for certiorari in the United States Supreme Court.

**2. Section 3582 Motions:**

On September 29, 2011, Movant filed a "Motion for Reduction of Sentence Pursuant to

Title 18 U.S.C. § 3582(c)(2)." (Criminal Action No. 3:09-00176, Document No. 92.) By Order entered on October 3, 2011, the District Court determined Movant's above Motion was premature and denied the Motion without prejudice. (Id., Document No. 94.) On November 2, 2011, Movant filed his second Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2)." (Document No. 95.) By Order entered on February 24, 2012, the District Court denied Movant's Section 3582(c)(2) Motion. (Id., Document No. 103.) Specifically, the District Court determined that the 2011 Amendments did not change Movant's offense level because he was sentenced as a career offender. (Id.)

3. **First Section 2255 Motion:**

On February 3, 2012, Movant filed his first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action 3:12-0234, Document No. 96.) As grounds for *habeas* relief, Movant asserted the following: (1) Lack of a voluntary and intelligent guilty plea due to the failure of trial counsel and the District Court to explain the consequences of the plea; (2) Ineffective assistance of counsel prior to the plea; (3) Ineffective assistance of counsel in plea negotiations; (4) Ineffective assistance of counsel on appeal; and (5) Actual innocence. (Id.) By Proposed Findings and Recommendation entered on January 7, 2013, United States Magistrate Judge Cheryl A. Eifert recommended that Movant's Section 2255 Motion be denied. (Id., Document No. 111.) By Memorandum Opinion and Judgment Order entered on February 12, 2013, United States Chief District Judge Robert C. Chambers adopted Judge Eifert's recommendation and denied Movant's Section 2255 Motion. (Id., Document Nos. 112 and 113.)

4. **Section 3582(c)(2) Motion based on *Johnson*:**

On May 16, 2016, Movant filed his "Motion for Reduction of Sentence Pursuant to Title

18 U.S.C. § 3582(c)(2)" arguing that he was entitled to relief based upon Johnson v. United States, 576 U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). (Criminal Action No. 3:09-00176, Document No. 114.) By Order entered on May 26, 2016, the District Court denied Movant's Section 3582 Motion after noting that Movant was not sentenced under the Armed Career Criminal Act. (Id., Document No. 115.) On June 22, 2016, Movant filed his Notice of Appeal. (Id., Document No. 118.) Movant subsequently filed a Motion for Voluntary Dismissal of his appeal. (Id., Document No. 130.) By Order filed on July 29, 2016, the Fourth Circuit granted Movant's Motion for Voluntarily Dismissal pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure. (Id.)

**5.    Second Section 2255 Motion:**

On June 27, 2016, Movant, by court-appointed counsel, Federal Public Defender Christian M. Capece, filed his "Second or Successive Motion to Correct Sentence Under 28 U.S.C. § 2255" and "Motion to Hold § 2255 Filing in Abeyance." (Document Nos. 121 and 122.) In his Section 2255 Motion, Movant alleges that he is entitled to relief based upon the United States Supreme Court's decisions in Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016) and Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). (Id., Document No. 121.) Specifically, Movant argues that his prior conviction for unlawful wounding no longer qualifies as a predicate felony for career offender status under U.S.S.G. § 4B1.1. (Id.) In his Motion to Stay, Movant requested that his Section 2255 Motion be held in abeyance pending a ruling from the Fourth Circuit Court of Appeals on his request for authorization to file a second or successive Section 2255 motion. (Id., Document No. 122.)

On August 17, 2016, the United States filed a Motion to Withdraw Referral to Magistrate

4

Judge and to Dismiss Case. (Id., Document No. 132.) In support of its request for dismissal, the United States notes that the Fourth Circuit denied Movant's request for authorization to file a successive Section 2255 Motion. (Id.) The United States, therefore, argues that Movant's Section 2255 Motion is successive and should be denied "because there is no jurisdiction for the District Court to consider any of his claims." (Id.)

By Order entered on December 16, 2016, the undersigned denied as moot Movant's "Motion to Hold § 2255 Filing in Abeyance." (Id., Document No. 133.) Movant has failed to file a Response to the United States' Motion to Withdraw Referral to Magistrate Judge and to Dismiss Case.

**6.     Request for Authorization to File a Successive Section 2255 Motion:**

On June 22, 2016, Movant, by counsel, filed with the Fourth Circuit a "Motion for Authorization to File a Successive Motion Under 28 U.S.C. § 2255" pursuant to 28 U.S.C. § 2244. In re: Daniel K. Leggette, Case No. 16-9481 (4th Cir.), Document No. 2. In support, Movant asserted that his career offender sentence is no longer valid after Johnson. Id. By Order entered on July 21, 2016, the Fourth Circuit denied Movant's Motion seeking authorization to file a second or successive application for relief under 28 U.S.C. § 2255. Id., Document No. 9. Specifically, the Fourth Circuit determined that "[a]ssuming without deciding that [Leggette] is correct [that his prior conviction for attempted unlawful wounding no longer qualifies as a predicate felony for career offender status], Leggette has a sufficient number of prior felony convictions of controlled substance offenses to qualify as a career offender." Id.

**DISCUSSION**

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard

6

is conjunctive. As a general matter, therefore, movants must show good cause for <u>and</u> prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. <u>See</u> <u>Theodorou</u>, <u>supra</u>, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. <u>United States v. Richardson</u>, 195 F.3d 192 (4th Cir. 1999), <u>cert. denied</u>, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

The undersigned finds Movant's Section 2255 Motion to be a successive proceeding under Section 2255. Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Movant must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Movant's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." <u>In re Goddard</u>, 170 F.3d 435, 436 (4th Cir. 1999); <u>See</u> 28 U.S.C. § 2244(b)(3)(A). The record clearly reveals that the Fourth Circuit has denied Movant's request for authorization to file a successive Section 2255 Motion after considering Movant's claim that he is entitled to relief based upon <u>Johnson</u> and <u>Welch</u>. (Criminal Action No. 3:09-00176, Document No. 129.); <u>In re: Daniel K. Leggette</u>, Case No. 16-9481 (4th Cir.), Document No. 9. A

7

second or successive proceeding under Section 2255 may not be initiated without the certification/authorization of the appropriate Court of Appeals. Movant's Motion should be dismissed because Movant has proceeded under Section 2255 in the sentencing Court once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 796, 166 L.Ed.2d 628 (2007)(holding that failure of a petitioner to obtain authorization of file a successive petition deprives the district court of jurisdiction); also see McNeil v. United States, 2016 WL 4660993 (E.D.N.C. Sept. 6, 2016)(dismissing movant's Section 2255 motion as successive where the Fourth Circuit denied movant's request for authorization to file a successive motion based on *Johnson*); Leite v. United States, 2016 WL 4060509 (W.D.N.C. July 26, 2016)(same); United States v. Gadsen, 2016 WL 3902832 (D.S.C. July 19, 2016)(same).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT in part and DENY in part** the United States' Motion to Withdraw Referral to Magistrate Judge and to Dismiss Case (Document No. 132.). Specifically, the undersigned recommends that the District Court **GRANT** the United States' Motion to Dismiss and **DENY as moot** the United States' Motion to Withdraw Referral.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States Chief District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255

of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, Chief District Judge Chambers, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant and counsel of record.

Date: February 9, 2017.

_____
Omar J. Aboulhosn
United States Magistrate Judge